UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHELLE FROMEN,

                Plaintiff,                Case No.

    -against-                  **COMPLAINT**

MOA LAM,                                Plaintiff demands trial by jury.

                Defendant.
------------------------------------------------------------------x

      Plaintiff MICHELLE FROMEN, by her attorneys, Law Office of Richard A. Altman, for her complaint against defendant, alleges as follows:

## INTRODUCTION; THE PARTIES

1. This is an action for defamation and injurious falsehood, arising from a series of knowingly false statements made by the defendant on the internet ("the Statements"). The Statements are of and concerning the plaintiff, a non-public figure, who is by profession an insurance claims adjuster.

2. The publication and continued availability of the Statements has directly caused plaintiff to suffer serious reputational and financial damage, despite a spotless record of professionalism, integrity and results, both in general and for the defendant in particular.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2), in that it is between citizens of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Plaintiff is a resident and citizen of the State of Florida.

5. Defendant Moa Lam is a resident and citizen of the State of New York.

6. Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district, in that a substantial part of the events giving rise to the claims occurred in this district, and that the defendant is subject to personal jurisdiction in this district.

## THE FACTS

7. Plaintiff Michelle Fromen is by profession a Licensed Public Adjuster, and is duly licensed as such by the State of Florida. She represents and works for persons and corporations who have suffered an insured loss, in order to gather evidence and proof of damages, and she deals with insurance companies to recover compensation for her clients. She works on a commission basis, and is paid a fixed percentage of the recovery.

8. On or about June 16, 2023, defendant Lam and her brother, non-party You Cheung Lam, retained Ms. Fromen's employer at that time, Manhattan Public Adjustment ("MPA"), in connection with a claim which they had made arising from a fire in her home in Brooklyn, New York. The compensation was agreed upon at 8%. A copy of the agreement is annexed as Exhibit A.

9. Thereafter, plaintiff examined documents assessing the damage, and negotiated with Hyundai Insurance to determine the appropriate compensation to cover for the loss.

10. At some point during the negotiation process, plaintiff left Manhattan Public Adjustment voluntarily, and on good terms, for a better position.

11. Through plaintiff's efforts, defendant Lam and her brother reached an agreement with Hyundai as to the amount to be paid in settlement of their insurance claim.

12. Over the next few months, Hyundai paid more than $687,000 in full settlement of defendant's claims.

13. MPA's commission on that payment was the previously agreed 8%, or about $55,000.

14. Plaintiff's share of that 8% commission was 10% of MPA's commission, and she received a total of less than $6,000.

15. Those sums correctly reflect what was paid prior to plaintiff's departure from MPA. However, on information and belief, plaintiff has received additional small sums as well.

16. At no time during her representation, nor at any time thereafter, did either defendant, her brother, or MPA, express any dissatisfaction whatsoever with plaintiff's services, until on or about January 11, 2025.

## THE STATEMENTS

17. In January and February 2025, defendant published on different websites three statements, containing false and defamatory accusations ("the Statements").

18. On or about January 11, 2025, defendant posted the following statement on Yelp (copy as it appeared attached as Exhibit B):

> DO NOT TRUST this company and this woman Michelle Fromen. When she was working in her previous job Manhattan Claim Adjuster [sic], she worked with the mitigation company and stole my insurance money more than $110k. Do not sign any "direction to pay" forms and do not go to any company she recommends. All the insurance money should go to the policy holder. She might sound very innocent, professional, kind and there to help you. The truth is that she is very manipulative, a liar, professional thief, a pure scammer, and very dishonest person. She is there waiting to take advantage of the people in distress in any minute and any second. I'm still in the lawsuit because of her and she just left her previous job and created a new company of her own. Hiring her is the worst decision ever in my life. just remember, she's there to bring you more disaster in your life, she's there any minute and any second of thinking how to work with other companies to steal your insurance money in a very legit way that you probably won't even notice at all.

19. On February 19, 2025, plaintiff sent to defendant a Cease and Desist letter, demanding that the Yelp statement be taken down, that defendant issue a written retraction and public apology.

20. Such prior notice is required under Florida law as a procedural requisite to a defamation action in that State. A copy of the letter is annexed as Exhibit C.

21. Defendant never responded to this letter.

22. However, the very next day, February 20, 2025, defendant posted the following statement on Realtor.com (copy as it appeared attached as Exhibit D). The website forwarded it to her, and it reads:

> Hello Michelle Fromen,
> You received a review from one of your clients.
> Lam
> 1675 85th St Brooklyn NY 11214 in 2023
> Do not trust this woman Michelle Fromen. I hired her for insurance claim before and she lied to me and worked with the mitigation company and took over $110k insurance money from me. She might sounds [sic] very innocent, compassion, kind, and a caring person but the truth is she's very manipulative, not trustworthy, a professional thief, pure scammer and very deceiving. Hiring her is the worst decision ever in my life and she deserves to be in jail. Every second and every minute, she's thinking how to take advantage of people in distress and how to steal your money in very legit way. [sic].

23. On or about that same day, defendant sent the following statement to BBB.com (copy as it appeared attached as Exhibit E; emphasis in original):

> This CEO or claim adjuster Michelle Fromen is a thief and pure scammer. She is very manipulative.
> Whoever you are, DO NOT trust her. When she was working with her previous job in Manhattan Claim Adjustment, she worked with the mitigation company and took my insurance money above $100k. She might sound she's innocent, very kind, professional and there to help but in fact, she's there to take advantage of people in distress. Now, I'm having the lawsuit because of what she did to me. She's a liar. Do not use any company she recommends and do not sign any "direction to pay" form for the insurance to pay anyone but you. I just don't want anyone to experience what I went through with her. She's is there to bring more disaster to your life.
> DO NOT TRUST HER and DO NOT HIRE HER. I hired her and I trusted her before and this will be the worst decision that I made in my life, ever.

24. And finally, as recently as December 11, 2025, defendant posted the following statement on Yelp.com (copy as it appeared attached as Exhibit F; emphases in original):

> Do not trust this woman. She is not a trustworthy person. She is a pure scammer and a professional thief. Very manipulating and deceiving. She will take the advantage of the people who is in DISTRESS. She is not there to HELP you, she is there working with the people with the same GOAL (people she recommended) which is thinking of how to steal your insurance money in a very legit way. She is a DISGRACE to the humanity period. I learned the hard lesson in my life and if I can contribute something good to the world, then this is.

25.  These Statements, both individually and read together are false, malicious and defamatory *per se.*

*26. First*, they each state as a fact that plaintiff "took my insurance money above $100k," which is an accusation of Grand Larceny in the Second Degree of a sum in excess of $50,000, a Class C felony in the State of New York, under NY Penal L. § 155.40

27.  *Second*, they accuse plaintiff of being dishonest and corrupt in her profession, by working with the mitigation company against defendant's interests. Such a statement is an accusation of divided loyalty, and is also defamatory *per se.*.

28.  Under Florida law, public adjusters are in an agent-principal (and thus fiduciary) relation with their clients, *State Farm Fla. Ins. Co. v. Sanders*, 327 So.3d 342 (Fla. 3rd DCA 2020). A false accusation that a professional breached her fiduciary obligations is therefore defamatory *per se.*

29.  *Third*, defendant's ignoring the Cease and Desist Letter, pointing out the errors and factual misstatements in defendant's Statements, and responding to it by making further defamatory statements, are evidence of malice, in both the legal sense and the sense of ill will.

30.  There is also the possibility that defendant has committed insurance fraud. As part of their work for clients, plaintiff and MPA obtain estimates for repair work only from firms which are

certified by the IICRC, the Institute of Inspection Cleaning and Restoration Certification, a non-profit organization. That was the case here.

31. On information and belief, defendant may have hired an uncertified contractor who offered a significantly shorter version of fire mitigation, rather than the full scope of work that the IICRC-certified mitigation company had planned here.

32. Plaintiff referred that certified company, United Water Restoration, to defendant, at her own request. Their scope of work, and invoice, was negotiated and approved directly with her insurance company.

33. However, when it came time to do the bulk of the mitigation before the rebuild process could begin, a new contractor started to get involved.

34. Defendant told plaintiff that the new contractor could do the work for about one-fourth of the price of United's estimate, and that she wanted to use the money she would save for other purposes.

35. She then told United to stop work, and they refunded some of the money they had received.

36. However, defendant had previously ordered that the funds go directly to United, but apparently she changed her mind.

### FIRST CAUSE OF ACTION
**(Libel *per se*)**

37. Plaintiff re-alleges paragraphs 1 through 37.

38. The foregoing Statements, taken both individually and as a whole, are false and defamatory *per se*, in that they accuse plaintiff of serious crimes, and highly unprofessional actions, namely breach of her fiduciary obligations to the defendant and her employer

39. Plaintiff is entitled to a judicial declaration that the Statements are false and defamatory, to an injunction requiring their permanent removal from the internet and elsewhere, and to compensatory and punitive damages in such sums as the Court and a jury may direct, of not less than $500,000.

## SECOND CAUSE OF ACTION
**(Libel *per quod*; Special Damages)**

40. Plaintiff re-alleges paragraphs 1 through 37.

41. Plaintiff has suffered special damages, in that the effect of the Statements has been to damage her relationships with existing clients, to discourage potential clients from retaining her services, from the dates they appeared and until the present day.

42. Plaintiff is entitled to a judicial declaration that the Statements taken as a whole are false and defamatory, to an injunction requiring their permanent removal from the internet and elsewhere, and to compensatory and punitive damages in such sums as the Court and a jury may direct, of not less than $500,000.

WHEREFORE, plaintiff demands relief as follows:

On each of her First and Second Causes of Action, a judgment declaring that the Statements contained therein which are of and concerning plaintiff are false and defamatory, and an award of compensatory and punitive damages against defendant in such sums as may be awarded by a jury and the Court, of not less than $500,000 on each Cause of Action;

Together with the costs and disbursements of this action, and such other relief as may be just, including reasonable counsel fees.

Dated: New York, New York
      January 9, 2026

*Richard A. Altman*

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
150 East 56th Street, Suite 12B
New York, NY 10022
212.633.0123
altmanlaw@earthlink.net